NO. 07-08-0374-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JANUARY 12, 2010


______________________________



RAMON M. DELCAMPO, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NO. A17410-0710; HON. ROBERT W. KINKAID, PRESIDING


_______________________________



Memorandum Opinion

_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Ramon M. DelCampo (appellant) appeals his conviction for driving while intoxicated. 
He challenges both the legal and factual sufficiency of the evidence supporting the jury's
verdict. We affirm the judgment.

 Background

 Officer Amos Rodriguez testified that on February 26, 2007, he observed appellant
driving a Chevy pickup with a defective license plate light. When directed to stop, appellant
did not pull over or off the street but rather stopped in the street and blocked traffic. 
Furthermore, appellant did not roll his window down when the officer began talking to him. 
Rather, he spoke through the raised window "really fast." (1) At that point, the officer opened
the car door to advise appellant that he needed to pull off of the roadway. In response,
appellant asked if "the guy was still hitched on the back of his tail gate?" No one was in
the back of the truck or on the tailgate, according to Rodriguez. 

 Appellant eventually pulled his car into a nearby parking lot at Rodriguez' direction. 
When the officer again approached the vehicle, appellant opened his door and turned his
body towards Rodriguez. In response to being asked where he was going, appellant
replied "work." In response to being asked where he worked, appellant mentioned the
name of a local beef processing plant. Rodriguez thought the latter response odd because
appellant was actually traveling in a direction away from that location. 

 Appellant then again asked about the man who had been "hitched" to the back of
his truck. The man to whom he referred apparently was a fellow employee against whom
appellant had filed a grievance. Appellant told Rodriguez that this individual was not only
watching him from atop the roof of the house adjacent to that of his father but also that he
was actually telling the officer what to do with appellant via the officer's cell phone. This
same individual was also watching them from nearby railroad tracks, according to
appellant. Needless to say, Officer Rodriguez saw or heard no one doing that suggested
by appellant. 

 Rodriguez subsequently asked appellant to undergo various field sobriety tests. 
While appellant may have performed some well, others were not completed with much
success. For instance, appellant swayed at times, recited the alphabet out of sequence,
and periodically had difficulty maintaining his balance. During this period, appellant denied
ingesting alcohol but admitted to having taken cocaine several hours earlier. Moreover,
an eventual search of his vehicle led to the discovery of three crack pipes.

 Both Rodriguez and another officer who arrived on the scene concluded that
appellant was intoxicated. And, they so opined to a jury at trial and without objection. So
too did the jurors hear testimony from a forensic scientist with the Texas Department of
Public Safety Crime Laboratory describing how appellant's blood sample contained small
quantities of cocaine. This same witness also told the jury not only that confusion,
disorientation, delusions and hallucinations were symptoms of cocaine use but also that
someone experiencing those symptoms should not be operating a vehicle. 

 Issues - Sufficiency of the Evidence

 As previously alluded to, appellant believes that the evidence supporting his
conviction was both legally and factually insufficient. We overrule the issues.

 The pertinent standards of review are discussed in Jackson v. Virginia, 443 U.S.
307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and Watson v. State, 204 S.W.3d 404 (Tex.
Crim. App. 2006). We refer the parties to those cases. 

 Next, through its indictment, the State charged appellant with operating a motor
vehicle in a public place while "intoxicated by not having the normal use of mental or
physical faculties by reason of introduction of alcohol into the body, a controlled substance,
a drug or a dangerous drug in the body." The jury charge tracked the accusation in the
indictment and the jury concluded that appellant was guilty as charged. 

 As described in the recitation of evidence above, appellant admitted to having
ingested cocaine and described how taking that drug caused him to speak rapidly.
Furthermore, Officer Rodriguez related how appellant was speaking quite fast at the time
of the stop. To that we have the evidence of appellant's hallucinations about people being
"hitched" to his truck, spying on them or telling the officer what to do, appellant's
disorientation or confusion regarding his destination, the location at which appellant initially
stopped, and the testimony about how ingesting cocaine can cause hallucinations,
confusion and paranoia. Together, it is some evidence upon which a rational jury could
conclude beyond reasonable doubt that appellant drove his vehicle while intoxicated by the
ingestion of a controlled substance.

 That appellant had no trace of alcohol in his blood means nothing, contrary to
appellant's argument. This is so because the indictment did not restrict the jury to finding
his physical or mental faculties altered due to the use of that one substance. Instead, the
jurors were authorized by the indictment and charge to also convict if his intoxication
resulted from the ingestion of drugs like cocaine. That appellant may have satisfactorily
performed some field sobriety tests is also of little moment. One can be intoxicated if
either his mental or physical faculties are affected. Both need not be impaired. So, while
ingesting cocaine may not have altered appellant's motor skills to a high degree, the jury
here was certainly free to conclude from the evidence that it impaired his mental faculties. 
And, it may well be that appellant proffered excuses for his conduct unrelated to ingesting
cocaine; yet, that evidence simply raised questions of fact for the jury to resolve. And,
upon viewing the entirety of the evidence, we cannot say that the manner in which the jury
resolved those questions was against the greater weight of the evidence, was founded on
weak evidence, or evinced manifest injustice. Accordingly, the evidence supporting
appellant's guilt was both legally and factually sufficient.

 The judgment is affirmed.


 Brian Quinn

 Chief Justice


Do not publish.

1. At trial, appellant admitted having a propensity to talk fast after he ingested cocaine. 


when arrested, 3) he possessed no other drugs
when arrested, 4) he made no incriminating statements when arrested, 5) he did not
attempt to flee or make any furtive gestures, 6) the amount of cocaine was very small, 7)
there was no odor of contraband, 8) he did not possess large sums of cash nor was he in
exclusive possession of the area where the contraband was found, and 9) his girlfriend
accepted ownership of the drugs. We disagree and overrule the issues.
          The standards by which we review the sufficiency of the evidence are well
established. We refer the parties to Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61
L.Ed.2d 560 (1979) and Watson v. State, 204 S.W.3d 404 (Tex. Crim. App. 2006) for their
explanation.
          The evidence of record disclosed that 1) the house belonged to appellant, 2) during
surveillance of the house, a number of people were seen making “minute” or very short
visits to it (which activity was consistent with that undertaken at a crack house), 3) some
of the visitors were drug users known to the police, 4) appellant had sold drugs to an
officer’s informant during a very recent controlled buy at the house, 5) appellant was found
both in the house and in the room in which the drugs were located, 6) appellant, who was
closest to the cocaine rock, was attempting to force the bathroom door closed as an officer
tried to enter, 7) the cap appellant had been wearing earlier that day contained the
cocaine, and 8) that cap was discovered on the bathroom floor next to a crack pipe. These
indicia are more than some evidence from which a rational jury could deduce, beyond
reasonable doubt, that appellant exercised care, custody, and control of the drug in
question.
          While it may be that appellant’s girlfriend claimed ownership of the contraband and
said appellant did not own the cap, that simply created an alternate scenario and fact issue
for the jury to consider. Furthermore, the jurors were not required to believe what the
female said. Evans v. State, 202 S.W.3d 158, 166 (Tex. Crim. App. 2006).
          Upon considering the whole record, we cannot say that the evidence purporting to
contradict the verdict overwhelms that establishing guilt. Nor can we say that the latter is
weak. Consequently, we conclude that the verdict of guilty has the support of both legal
and factually sufficient evidence.
          The judgment is affirmed.
                                                                           Brian Quinn
                                                                          Chief Justice

Do not publish.